Lipscomb, J.
The error relied on and assigned is that no offense against the law is charged in the indictment. A preliminary question is presented, growing out of the plea of the defendant in the indictment. He pleaded guilty. If this pica is equivalent to a confession of judgment in civil proceedings, it might be contended on authority that it amounts to a waiver and release of all errors. We cannot, however, regard the plea as drawing after it the same consequences as a confession of judgment in a civil suit. It is believed to amount to nothing more than the acknowledgment of the facts charged; and whether such facts constitute an offense at iaw is left open to be decided hv the court. Again, it is not the policy of the State to enforce a judgment'when no offense against law has been committed.
Rote 59.—McElroy v. Carmichael, post, 454.
Tlie indictment is founded mainly on the terms used in art. 1477, Hart-ley’s Digest, “ or at any other gambling device whatever.” These words were not contained in the statute previously in force, and it seems to have been thought pretty generally by the prosecuting attorneys on the part of the State that they are broad enough to embrace every description of gaming whatever. The correctness of this construction can, best be ascertained by faking the whole section together. It is as follows: “If any person shall bet or be concerned in betting at any gaming table, bank, or banks mentioned in the preceding section of this act, or at any other gambling device whatever, such person or persons so offending, upon conviction thereof by indictment, shall be lined, in any sum not less than ten nor more that fifty dollars.” It will be seen by reference to tUe'preceding section of the law that the tables ami banks mentioned therein are ABC,E D, roulette, rowley powley, rouge ct noir. faro bank, and monte hank. The section goes on to proscribe and prohibit all gaming tables or banking, by whatever name called, or even without a name; but it mentions no other tables and banks than those named. The section following this, being the one under which the indictment was found and the one transcribed from the Digest above, refers in express terms to the tables and banks mentioned in the preceding one, and consequently cannot he extended beyond those specially enumerated, unless an authority for so doing can he found in the expression that follows — “or any other gambling device whatever.” It is very questionable whether these expressions are sufficiently definite to sustain an indictment for any offense. But if a liberal interpretation is allowed to them it would seem most likely that they were intended fo have reference to such device as changing the name of the table or bank without any essential change in the game to be played, and would not extend to billiard tables or ten pip alleys ; which, though as well or better known by the names they hear than any mentioned in the article 1476, which -is referred to in the succeeding article of the digest, are not included in it. It is not, a reasonable presumption that games so well known for centuries, without having undergone a change of name, should have been intended to he included in the vague expression of'“gambling device.” This view is strengthened by a reference to article 3127, where it will he found that a license tax is imposed on billiard tables and tenpin alleys, thereby making them a source of revenue,. when snch tax is not imposed on any of the games enumerated and specially prohibited.
Again, “ gambling devices,” if it is to he construed in a sense most favorable to tlie accused, iu this case would be referred to the games specially prohibited and to any stratagem or evasion of the law, by a change of the name without changing essentially the principles of tlie game. According to Webster the. word ‘device,’ in oiie sense, means artificial contrivance, stratagem.
“lie disappointeth the devices of the crafty.” Job, v.
“They imagined a mischievous device.” Psalms, XXI.
Wc are brought to the conclusion, from what we conceive to he a fair construction of the language used, and taking in connection also with it the fact that billiard tables and tenpin alleys are licensed on the payment of tax, when no others are so taxed and licensed, that an indictment cannot he sustained for betting at a game on either of those tables. The judgment must therefore be reversed and the prosecution dismissed.
Reversed and dismissed.