JOE MCMILLAN V. THE STATE.

No. 15817. Delivered February 8, 1933.
Reported in 57 S. W. (2d) 125.

The opinion states the case.

*Henry Tirey,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; penalty assessed at confinement in the penitentiary for one year.

The appellant waived a jury and submitted his case to the court upon a plea of guilty.

In article 1, section 15, Constitution of Texas, it is said: "The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."

Touching the application of the constitutional provision, the Legislature, in writing the Code of Criminal Procedure said: "No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded."

Also: "The defendant in a criminal prosecution for any offense may waive any right secured to him by law, except the right of trial by jury in a felony case."

See Old Code, articles 22 and 23, White's Ann. C. C. P., p. 29, which are now articles 11 and 12, C. C. P., 1925.

At an early date, it was provided by statute that in a misdemeanor case the accused might waive a jury. See Johnson v. State, 39 Texas Crim. Rep., 625; Harris' Constitution, p. 135, sec. 25; Moore v. State, 22 Texas App., 118. This ruling has been uniformly upheld upon the basis that the Constitution conferred a right which, without the consent of the accused, could not be impaired, but did not deny the accused the right to waive a jury. The language of the Constitution applies with equal force to a misdemeanor and felony. The decision of the court that one charged with a misdemeanor might waive a jury when so authorized by the Legislature implies that a like privilege might be exercised by one charged with a felony, except for the obstruction interposed by article 12, C. C. P., denying such privilege.

The denial of the right of the accused in a criminal case to waive a jury and submit his trial to the court resting upon a statutory declaration and not upon a provision of the Constitution, it is within the power of the Legislature to change or modify the procedure. That body having exerted its power by the enactment of the statute embraced in chapter 43, Acts of the 42d Legislature, Regular Session, by the insertion of article 10a, and by amending articles 11 and 12, C. C. P. 1925, so as to modify the restriction upon the right of one accused of a felony to waive a jury in certain cases and have his case tried before the court, there exists no impediment or prohibition of the procedure followed in the present case. The conclusion here reached and stated is, in our opinion, in accord with the great weight of authority as exhibited by the decisions of other American jurisdictions in dealing with the same sub-

ject-matter as herein involved; that is to say, that the declaration of the Constituiton that the right of trial by jury shall remain inviolate is not transgressed by the legislative regulation embraced in the statute above mentioned. Under the provision, the Legislature is without power to deny the right of trial by jury, but is not without power to provide for the waiving of such right. See State v. De Lorenzo, 79 Atl., 839; Humphrey v. Eakeley, 60 Atl., 1097; Words & Phrases, 2nd Series, vol. 2, p. 1190; People v. Peete, 202 Pac., 51, 54 Cal. App., 333.

The judgment is affirmed.

*Affirmed.*