ALFRED BOLTON v. THE STATE.

No. 15893.   Delivered March 8, 1933.
Appeal Reinstated March 22, 1933.
Rehearing Denied May 3, 1933.
Reported in 59 S. W. (2d) 833.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for two years.

No sentence appears in the record.   In the absence of a sentence this court is without jurisdiction.
The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

Appellant waived a jury and submitted his case to the court upon a plea of guilty. Appellant contends that certain provisions of chapter 43, Acts of the 42nd Legislature, Regular Session, are unconstitutional. We quote section 1 of the act as follows:

"The defendant in a Criminal prosecution for any offense classified as a felony less than a capital offense, shall have the right, upon entering a plea of guilty, to waive the right of a trial by a Jury, conditioned, however, that such waiver must be made in person by the defendant in open Court with the consent and approval of the Court and the duly elected and acting Attorney representing the State. Provided, that said consent and approval by the Court shall be entered of record on the Minutes of the Court and the consent and approval of the Attorney representing the State shall be in writing, duly signed by said Attorney and filed in the papers of the Cause before the defendant enters his plea of guilty.

"Provided, that before a defendant who has no Attorney can agree to waive a Jury, the Court must appoint an Attorney to represent him."

In Joe McMillan v. The State, Opinion No. 15,817 (57 S. W. (2d) 125), delivered February 8, 1933, this court reached the conclusion that it was within the power of the Legislature to permit one accused of a felony to waive a jury in certain cases, and have his case tried before the court. We quote from the opinion as follows: "The denial of the right of the accused in a criminal case to waive a jury and submit his trial to the court resting upon a statutory declaration and not upon a provision of the Constitution, it is within the power of the Legislature to change or modify the procedure. That body having exerted its power by the enactment of the statute embraced in Chapter 43, Acts of the 42nd Legislature, Regular Session, by the insertion of Art. 10a and by amending Arts. 11 and 12, C. C. P., 1925, so as to modify the restriction upon the right of one accused of a felony to waive a jury in certain cases and have his case tried before the court, there exists no impediment or prohibition of the procedure followed in the present case."

The judgment is affirmed.

*Affimed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant calls attention to the fact that in chapter 43, Acts of the 42nd Legislature, adding articles 10a and 776a to the Code of Criminal Procedure, and amending articles 11, 12 and 658, thereof ·(the purpose being to permit an accused in cases less than capital to waive trial by jury), there is no direct authority given the trial judge to assess the punishment, and insisting that, if the amended act has such effect, it is in direct conflict with article 693, C. C. P. We think the act of the 42d Legislature in question is not in conflict with article 693, C. C. P. It is found under a chapter, the title of which is "The verdict." In article 686, of said chapter a verdict is defined as "a written declaration by a jury of their decision of the issues submitted to them in the case." The whole of article 693 reads: "The verdict in every criminal action must be general. Where there are special pleas upon which the jury are to find, they must say in their verdict that the allegations in such pleas are true or untrue. If the plea is not guilty, they must find that the defendant is either 'guilty' or 'not guilty,' and they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty." It is apparent that in a case submitted to a jury a verdict would be incomplete which did not assess the punishment, unless it was absolutely fixed by law. We are of opinion said article should be construed as stating generally the essentials of a verdict where a jury is employed. This construction necessarily follows in view of our holding in McMillan v. State, 57 S. W. (2d) 125, and in our original opinion in the present case.

Appellant takes the position that the act of the 42d Legislature in question may be sufficient to authorize the judge to accept a plea of guilty, but that it falls short of empowering him to assess a punishment. We regard such position unsound. It is perfectly plain from the provisions of the act as well as from the emergency clause that the Legislature sought to provide a way in which an accused, under the formalities specified, could have a trial before the judge without a jury upon a plea of guilty. Article 12, C. C. P., as amended, reads, in part: "It shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant, *and said evidence shall be accepted by the court as a basis for its verdict* (Italics ours), and in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same." The use of the word "verdict" may be unusual as it

applies to the conclusion of the court, but it conveys the idea of finality of a trial, which would be incomplete without the assessment of punishment, where the evidence authorizes it. If there was ever any doubt about the act of the 42d Legislature, chapter 43, authorizing the trial judge to assess the punishment in cases therein mentioned, the intention of the Legislature is again manifest in section 4, of said act, said section now being new article 776a, C. C. P. It provides that the court (judge) may suspend the sentence imposed when "the *punishment assessed by the court* shall not exceed five years."

Appellant's motion for rehearing is overruled.

*Overruled.*