

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 8, 1971

Honorable George W. Miller
District Attorney
110th Judicial District
101 North Main Street
Floydada, Texas   79235

Opinion No. M-900

Re:  Constitutionality of
waiver of indictment for
non-capital felony cases
as contained in Senate
Bill No. 116, 62nd Legis-
lature, R. S., 1971.

Dear Mr. Miller:

You have requested the opinion of this office as to whether Senate Bill No. 116, 62nd Legislature, R. S., 1971, providing for waiver of indictment in non-capital felony cases is constitutional in view of Article 1, Section 10 of the Constitution of the State of Texas.   Senate Bill No. 116 amends Vernon's Code of Criminal Procedure by adding a new Article 1.141 to read as follows:

> "Article 1.141   WAIVER OF INDICTMENT FOR NONCAPITAL FELONY
>
> "A person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony.   On waiver as provided in this article, the accused shall be charged by information."

Article 1, Section 10 of the Constitution provides in part:

> ". . . No person shall be held to answer for a crimi-
> nal offense, unless on an indictment of a grand jury,
> except in cases in which the punishment is by fine
> or imprisonment, otherwise than in the penitentiary, . . ."

It will be observed that Senate Bill 116 is similar in effect to Rule 7, subsections (a) and (b), of the Federal Rules of Criminal Procedure, which provide that a defendant may waive indictment and be prosecuted by information in a non-capital offense.   In Barkman v. Sanford, 162 F.2d 592 (5th Cir. 1947),

-4387-

the question presented was whether Rule 7, subsections (a) and (b), violated the provision of the Fifth Amendment of the United States Constitution stating that:

> "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, . . ."

The Fifth Circuit held that Rule 7, subsections (a) and (b), was constitutional because the constitutional provision was designed to confer a right or privilege upon the person, and the right or privilege could be waived. The court stated,

> ". . . It seems thoroughly established that an intelligent accused may waive any constitutional right that is in the nature of a privilege to him, or that is for his personal protection or benefit."
> (at p. 594).

In Smith v. United States, 360 U.S. 1, 6, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1958), the Supreme Court, citing the Barkman case as authority, held that the United States constitutional guaranty of grand jury indictment can be waived by an accused. In accord, Antieau, Modern Constitutional Law, Vol. 1, p. 298, Sec. 5:12, and cases cited.

It is also observed that other rights of an accused provided in Article 1, Section 10 of the Texas Constitution have been held subject to waiver. Thus, waiver of jury trial in felony cases less than capital has been held not violative of the constitutional right to trial by jury. McMillan v. State, 57 S.W.2d 125 (Tex.Crim. 1933). In Garcia v. State, 210 S.W.2d 574 (Tex.Crim. 1948), the right of a person accused of a crime to be confronted by witnesses against him was held to be subject to waiver. The privilege against self-incrimination may also be waived. Long v. State, 48 S.W.2d 632 (Tex.Crim. 1932). The defense of double jeopardy and the right to counsel can be waived. See Antieau, Modern Constitutional Law, Vol. 1, pp. 317, 330, Sects. 5:35 and 5:44, and authorities there set out.

## S U M M A R Y

Senate Bill 116, 62nd Legislature, R.S., 1971, providing for the waiver of indictment in non-capital felony cases is constitutional.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Dunklin Sullivan
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Max Flusche
Jack Sparks
Sally Phillips
John Banks

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant