**Howard REID, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57122.**

Court of Criminal Appeals of Texas.
Panel No. 2.

Jan. 11, 1978.

Michael J. Donahue, Houston, for appellant.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

ONION, Presiding Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to an indictment charging him with the offense of robbery. Punishment was assessed at imprisonment for five (5) years. The conviction must be reversed because the evidence was insufficient to show that appellant committed robbery as alleged in the indictment.

The indictment alleged that appellant committed robbery under V.T.C.A., Penal Code, Sec. 29.02(a)(1).[1] Omitting the formal parts, the indictment alleges that, on or about September 7, 1976, appellant did then and there unlawfully:

"while in the course of committing theft of money owned by Lawrence Ethridge, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly cause bodily injury to the Complainant. . . ."

The only evidence admitted in support of appellant's guilty plea was his written judicial confession. That confession, in pertinent part, states:

"On September 7, 1976, in Harris County, Texas, I did while in the course of committing theft of money owned by Lawrence Ethridge, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, . . ."

While this confession was sufficient to show that appellant was guilty of robbery under V.T.C.A., Penal Code, Sec. 29.02(a)(2)[2] that offense was not alleged in the indictment. Since there was no proof that, during the robbery, appellant intentionally or knowingly caused bodily injury to the complainant, the evidence was insufficient to sustain a conviction for robbery under V.T.C.A., Penal Code, Sec. 29.02(a)(1), as alleged in the instant indictment.

The judgment is reversed and the cause is remanded.

1. Sec. 29.02(a)(1), V.T.C.A., Penal Code, states, in part:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; . . ."

2. Sec. 29.02(a)(2), V.T.C.A., Penal Code, states, in part:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

\* \* \* \* \* \*

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."