**Ex parte Leroy SAMPSON**

No. 59886.

Court of Criminal Appeals of Texas,
Panel No. 3.

May 16, 1979.

Jeffrey G. Malm, Huntsville, for appellant.

James S. McGrath, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

This is an application for post-conviction writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Petitioner contends that his sentence is above that authorized by law.

Petitioner was indicted for the offense of theft of property having a value of over $20 and under $200. The indictment contains two additional paragraphs, each alleging a prior felony conviction using the language necessary to allege that an individual is an habitual offender. V.T.C.A., Penal Code, Section 12.42(d). Sampson entered a plea of guilty before the court. The statement of facts for that proceeding is not before us. The docket sheet indicates "Court proceeded on counts one and two." Sampson's guilty plea was accepted and the court assessed his punishment at eighteen years.

Section 31.03(d)(4)(C) of the Penal Code provides that theft is a third degree felony where:

" . . . the value of the property stolen is less than $200 and the defendant has been previously convicted two or more times of any grade of theft . . ."

Section 12.42(a) provides:

"If it be shown on the trial of the third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony."

Apparently, at the time of the original guilty plea the parties thought that by alleging two prior felony theft convictions the primary offense could be both upgraded to a third degree felony pursuant to Section 31.03(d)(4)(C) and enhanced to an habitual offender under Section 12.42(d). Taking his habitual indictment, they could dismiss one paragraph and reduce it to a second offender indictment pursuant to Section 12.42(a) and achieve a punishment range of two to twenty years.

The court found Sampson guilty of the primary offense and found true only one paragraph alleging a prior conviction. Without finding true both prior convictions, no felony convicted could result. Thus, the record before us supports only a judgment of a Class A misdemeanor with a finding of one prior felony conviction. The punishment range for a Class A misdemeanor with a prior felony conviction is confinement in jail for a term of ninety days to one year. V.T.C.A., Penal Code, 1243(a).

The original indictment, alleging a primary offense and two prior convictions, properly alleged a third-degree felony. The court had jurisdiction of the case. The court also had the power to find Sampson guilty of a lesser included offense, even a misdemeanor, without effecting its jurisdiction. See *Jones v. State*, 502 S.W.2d 771 (Tex.Cr.App.1973); *McKenzie v. State*, 159 Tex.Cr.R. 345, 263 S.W.2d 562 (1953). By finding Sampson guilty only of the primary offense and one prior conviction, the court found him guilty of a Class A misdemeanor with a punishment range of ninety days to one year.

Relief is granted to petitioner. The judgment is reformed to reflect conviction of a misdemeanor. Since the court originally assessed punishment, the case is remanded for reassessment of punishment within the statutory range.