Luis **LOPEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–92–315–CR.

Court of Appeals of Texas,
Corpus Christi.

April 8, 1993.

---

Michelle Phillips Scheef, Richardson, for appellant.

John C. Vance, Crim. Dist. Atty., April Smith, Asst. Dist. Atty., Appellate Section, Dallas, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and SEERDEN, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Appellant pleaded guilty to the offense of unlawful delivery of cocaine and was sentenced to 40 years confinement. On appeal, he challenges the sufficiency of the evidence supporting the guilty plea. We affirm.

Appellant was indicted for delivery of cocaine, waived a jury trial, and pleaded guilty. During the hearing on the plea of guilty, the trial judge informed appellant that he was charged with the offense of delivery of cocaine, and appellant stated that he understood the charge. Appellant's lawyer stated that appellant's true name was Luis Lopez, and that appellant waived arraignment and waived further reading of the indictment.

The only evidence of guilt offered during the hearing was a signed "judicial confession:"

I do further admit and judicially confess that I am the person named in the charging instrument and that I understand the charge contained therein and:

X I am guilty of the offense of *unlawful possession cocaine [sic] exactly as alleged in the charging instrument*

including any amendments or modifications thereto and I confess that I did unlawfully commit the said offense in Dallas County, Texas on the *14th* day of *January*, 19*92*. (emphasis added)

Thus, in the judicial confession, appellant admitted he was guilty of the "offense alleged in the charging instrument," and also admitted that he was guilty of unlawful *possession* of cocaine, and not unlawful *delivery* of cocaine as alleged in the indictment.

During the punishment phase of the trial, Officer Alan Bassham testified that he purchased cocaine from appellant. Appellant also stated that he pleaded guilty because he was guilty of "selling or constructively selling and delivering the drugs." Most of the punishment phase revolved around whether appellant possessed a gun at the time of the transaction. On direct examination, appellant stated to his attorney, "Yes, sir, I'm guilty, but [sic] I was there at the transaction, but I did not point the gun at the officer's head."

By one point of error, appellant argues that the evidence is insufficient to support his conviction. Citing *Thornton v. State*, 601 S.W.2d 340 (Tex.Crim.App.1980) and *Reid v. State*, 560 S.W.2d 99 (Tex.Crim.App.1978), appellant argues that a fatal variance existed because the judicial confession was the only evidence introduced to support his guilty plea, and the confessed offense was different from the offense charged in the indictment.

■ When considering a sufficiency of the evidence point of error, this Court reviews the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). Evidence admitted during the punishment phase may be considered in determining whether the evidence is sufficient to support the conviction. *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322

(1985); *Whatley v. State*, 822 S.W.2d 792, 794 (Tex.App.—Corpus Christi 1992, pet. ref'd).

■ Generally, if a defendant testifies at either the guilt or punishment phase of trial and admits the commission of the acts alleged in the indictment, the defendant waives any challenge to the sufficiency of the evidence on appeal. *DeGarmo*, 691 S.W.2d at 661; *Brown v. State*, 617 S.W.2d 234, 236 (Tex.Crim.App.1981); *Tullos v. State*, 698 S.W.2d 488, 490 (Tex.App.—Corpus Christi 1985, pet. ref'd). However, the defendant's admission of guilt must conform to the allegations in the indictment. *Tullos*, 698 S.W.2d at 490 (citing *Thornton*, 601 S.W.2d at 343; *Reid*, 560 S.W.2d at 100).

■ A plea of guilty is an admission of guilt of the offense charged, but it does not authorize a conviction in a bench trial unless evidence is offered to support the plea. TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977); *Dinnery v. State*, 592 S.W.2d 343, 351 (Tex.Crim.App.1980) (opinion on motion for reh'g). Generally, a valid judicial confession standing alone is sufficient to support a guilty plea. *Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Crim.App.1978). Furthermore, a judicial confession that a defendant committed the offense "as charged in the indictment" and an in-court affirmation of that judicial confession is sufficient evidence to sustain a conviction. *Potts v. State*, 571 S.W.2d 180, 182 (Tex.Crim.App. 1978). However, when the *only* evidence offered to support a guilty plea is a judicial confession which confesses to an offense other than the offense alleged in the indictment, the evidence is insufficient to support the guilty plea. *Thornton*, 601 S.W.2d at 343; *Burke v. State*, 589 S.W.2d 411, 412 (Tex.Crim.App.1979); *Reid*, 560 S.W.2d at 100.

■ During the punishment phase of the instant case, appellant admitted he delivered cocaine. Thus, we hold that appellant has waived any challenge to the sufficiency of the evidence because his admission of guilt conformed with the allegation of delivery of cocaine in the indictment. *DeGar-*

*mo,* 691 S.W.2d at 661; *Brown,* 617 S.W.2d at 236.

Notwithstanding appellant's waiver of any insufficiency challenges, the evidence is sufficient to support his guilty plea. *Thornton* and *Reid* are distinguishable from the case at hand because in those cases, a written "judicial confession" was the *only* evidence offered to support the guilty pleas. Comparatively, in the instant case, appellant and Officer Bassham testified during the punishment phase of the trial that appellant sold Officer Bassham cocaine. Because evidence admitted during the punishment phase of a trial may be considered when determining whether the evidence is sufficient to support the conviction, *DeGarmo,* 691 S.W.2d at 661, *Whatley v. State,* 822 S.W.2d at 794, we hold that any rational trier of fact could have found the essential elements of the offense of delivery of cocaine beyond a reasonable doubt. *Turner,* 805 S.W.2d at 427. We overrule appellant's sole point of error.

We AFFIRM the judgment of the trial court.