Qualls-C v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-226-CR

        CHRISTOPHER QUALLS,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 95-816-C
                                                                                                                

O P I N I O N
                                                                                                                

          Christopher Michael Qualls waived a jury and pled guilty to a charge of aggravated sexual
assault. Tex. Penal Code Ann. § 22.021 (Vernon 1994 & Supp. 1997). The court sentenced
him to forty years in the TDCJ-ID, but gave him permission to appeal. His points of error assert
that the evidence is legally or factually insufficient to support venue or, alternatively, legally
insufficient to support the conviction in its entirety.
          Citing article 1.15 of the Code of Criminal Procedure, which provides that a person shall
not be convicted on a plea without sufficient evidence to support that plea, Qualls points out that
the record contains no statement from the victim. Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon Supp. 1997). Thus, he contends, the hearsay statements by the victim’s mother and the
investigating officers are insufficient. He also asserts that all of the “evidence” is contained in the
“plea papers,” which cannot sustain the conviction.
          The State points to Exhibits One, Two, and Three, which were admitted at the plea hearing
without an objection by Qualls. These exhibits, it says, contain evidence sufficient to withstand
both the legal and factual sufficiency attacks.
          First, we note that Qualls cites Thornton v. State, 601 S.W.2d 340, 342 (Tex. Crim. App.
[Panel Op.] 1980), to support his claim that the exhibits in this case, being part of the plea papers,
cannot sustain the conviction. Thornton, appealing from a revocation of probation, attacked the
sufficiency of the evidence to support his original plea of guilty. The only evidence admitted at
the original plea hearing was Thornton’s judicial confession. Recognizing the right to collaterally
attack the sufficiency of the evidence in that situation, a panel of the Court observed: 
[I]t appears that appellant was indicted for forgery by passing a writing, and he confessed
to forgery by making a writing. These are two separate offenses.
Id. On rehearing, the Court, en banc, noted that the decision of the panel as to the lack of
evidence of forgery by passing had not been challenged by the state. Id. at 344. Here, the plea
is supported by Qualls’ confession and by unobjected-to exhibits. Thus, because it arose in a
different context and involves different facts and legal theories, we find Thornton not on point.



          Next, we ask whether unobjected-to hearsay can support a conviction. Our answer is that
it can, for two reasons. First, Rule 802 specifically endorses it:
Hearsay is not admissible except as provided by statute or these rules. Inadmissible
hearsay admitted without objection shall not be denied probative value merely because it
is hearsay. 
Tex. R. Crim. Evid. 802. Second, the Court of Criminal Appeals has consistently held that
hearsay is not denied probative value in a sufficiency review, even when admitted over objection. 
Fernandez v. State, 805 S.W.2d 451, 455-56 (Tex. Crim. App. 1991) (hearsay could be
considered by the trier of fact as probative evidence, to be assessed and weighed along with, and
equal to, the other evidence admitted at trial); Chambers v. State, 711 S.W.2d 240, 247 (Tex.
Crim. App. 1986) (treat inadmissible hearsay admitted without objection the same as all other
evidence in the sufficiency context, i.e., it is capable of sustaining a verdict).
          Turning to the record, we find Exhibit One includes a case report of Officer DePriest of
the Mart Police Department.


 The report, almost all hearsay, shows that the offense occurred at
808 East Navarro Street in Mart. After receiving a complaint about the offense from the victim’s
mother, the officer spoke with an assistant district attorney of McLennan County. The report
states that the victim lived in Mart on July 3, 1995, the date of the complaint that led to the
indictment. He had lived there with his mother and step-father, Qualls, since June 1, 1995. The
victim told a group consisting of his mother, the Mart Chief of Police, and a Child Protective
Services caseworker that just before June 18, 1995 (when he left Mart to visit his real father), as
he was getting ready for bed, Qualls came to his bedroom and sexually assaulted him. He said
that similar conduct had continued over a period of more than two years. 
          Exhibit One also contains an instrument entitled “Desire to Prosecute,” headed “State of
Texas, County of McLennan, City of Mart.” in which the victim’s mother states that the offense
“did occur in the City of Mart, McLennan County, Texas.”
          Evidence will sustain a conviction if, viewing it in the light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991) (following standard of
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979)).
          In conducting a factual sufficiency review under Clewis, we consider all the evidence and
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).
          In criminal cases the State may prove venue by a preponderance of evidence, either direct
or circumstantial. Holdridge v. State, 707 S.W.2d 18, 22 n.4 (Tex. Crim. App. 1986) Evidence
as to venue is sufficient if the factfinder may reasonably conclude from it that the offense was
committed in the county alleged. Id. We find the evidence in this record legally and factually
sufficient to support a determination that the offense alleged in the indictment occurred in
McLennan County, Texas. Id.; Clewis, 922 S.W.2d at 129; Matson, 819 S.W.2d at 843. This
is particularly true in light of the mandate that we presume that venue was proven in the court
below. Tex. R. App. P. 80(d). We overrule point one.
          The evidence we have recited is also legally sufficient to support Qualls’ conviction. Even
though the critical evidence is all hearsay, it is sufficient to allow a rational trier of fact to find
beyond a reasonable doubt that the allegations of the indictment are true. Matson, 819 S.W.2d
at 843; Fernandez, 805 S.W.2d at 455. We overrule point two.
          We affirm the judgment.
           
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 21, 1997
Do not publish