**Johnnie Russell PICKENS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–94–00176–CR.**

Court of Appeals of Texas,
El Paso.

March 28, 1996.

---

Michael McLeaish, Odessa, for Appellant.

John W. Smith, District Attorney, Odessa, for State.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## *OPINION*

McCLURE, Justice.

Johnnie Russell Pickens appeals his conviction for the lesser-included offense of involuntary manslaughter. The jury found Appellant guilty, and assessed his punishment at 3 years' imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a $5,000 fine. The trial court entered an affirmative finding on the use of a deadly weapon in the judgment. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3g(a)(2) (Vernon Supp.1996). We delete the affirmative deadly weapon finding from the judgment and affirm the judgment, as modified.

In his sole point of error, Appellant contends that the trial court erred in entering an affirmative finding on the use of a deadly weapon when the jury had not made such a finding. The State responds that Appellant is estopped from raising this complaint because the court made and entered the finding upon the joint motion of Appellant and the

State. We will briefly review the facts necessary to a resolution of these contentions.

The two paragraph indictment, as amended, alleged that: (1) Appellant caused the death of Perry Edward Pickens by intentionally and knowingly shooting him with a deadly weapon, to-wit: a firearm; and (2) Appellant, intending to cause serious bodily injury to Perry Edward Pickens, intentionally and knowing committed an act clearly dangerous to human life, namely shooting him with a deadly weapon, to-wit: a firearm, which caused the death of the said Perry Edward Pickens. Thus, it charged Appellant with murder under TEX.PENAL CODE ANN. § 19.02(b)(1)(2) (Vernon 1994). The court's charge included instructions on murder and on the lesser-included offenses of voluntary manslaughter and involuntary manslaughter. The verdict form for involuntary manslaughter did not make reference to a deadly weapon. The court submitted separately the issue of whether a deadly weapon had been used during the commission of each of these offenses and provided separate verdict forms for the jury. When the jury returned its verdict finding Appellant guilty of involuntary manslaughter, it did not answer the special issue on the use of a deadly weapon. Neither the State nor Appellant raised an objection to the trial court's receipt of the guilty verdict or otherwise brought the jury's failure to answer the special issue to the court's attention. Likewise, the parties did not request, and the court did not require, that the jury return to its deliberations to answer the special issue. Further, the court did not submit the issue to the jury at punishment. Instead, on the day following the return of the guilty verdict, the court entered the following order:

ON THIS 15th day of April, 1994, after the conclusion of the presentation of evidence and argument of counsel, the Attorney for the State and the Attorney for the Defense jointly requested the Court to make a finding concerning the use or exhibition of a deadly weapon during the commission of the offense of Involuntary Manslaughter in the above styled and numbered cause.

The Court is of the opinion and so finds in the affirmative that the Defendant, JOHNNIE RUSSELL PICKENS, used or exhibited a deadly weapon, to-wit: a firearm, during the commission of a felony offense, to-wit: Involuntary Manslaughter.

At the conclusion of trial, the trial court entered in the judgment an affirmative finding on the use of a deadly weapon. Inexplicably, however, the judgment actually reflects that the *jury* made the deadly weapon finding as though it had answered the special issue that had been submitted to it at guilt-innocence.[1]

The State's argument that Appellant is estopped from complaining of the entry of the deadly weapon finding by the trial court is, at first blush, persuasive. A further analysis of the issue, however, leads us to a different conclusion.

■ There are three types of rules in our legal system: absolute requirements and prohibitions which cannot be waived or forfeited; rights of litigants which must be implemented unless affirmatively waived; and rights of litigants which are implemented upon request and can be forfeited by a failure to invoke them. *Ex parte Sims,* 868 S.W.2d 803, 804 (Tex.Crim.App.1993); *Marin v. State,* 851 S.W.2d 275, 279–80 (Tex.Crim. App.1993). We must decide in which of the above categories the present circumstances fit.

■ The jury is the exclusive judge of the facts in a criminal trial, unless otherwise provided by the Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 36.13 (Vernon Supp.1996); TEX.CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979). In a jury trial, the issue of whether a deadly weapon was used

1. After setting forth the jury's guilty verdict, the judgment states the following:

And the Jury further finds the following special issue, to-wit:

'Do you find beyond a reasonable doubt that the Defendant, JOHNNIE RUSSELL PICKENS, used or exhibited a deadly weapon, to-wit: a firearm, during the commission of a felony offense, to-wit: Involuntary Manslaughter.

Answer 'Yes' or 'No'.

Answer: Yes.

/s/ Camille Baker

PRESIDING JUROR'

or exhibited during the commission of the offense is an issue of fact which must be submitted to the jury for its exclusive determination. *Ex parte Thomas,* 638 S.W.2d 905, 907 (Tex.Crim.App.1982); TEX.CODE CRIM. PROC.ANN. art. 36.13; TEX.CODE CRIM.PROC. ANN. art. 38.04. Since Appellant was tried by a jury, the trial court had no authority to make an affirmative finding that Appellant used a deadly weapon. *Davis v. State,* 897 S.W.2d 791, 793 (Tex.Crim.App.1995); *Easterling v. State,* 710 S.W.2d 569, 581 (Tex. Crim.App.), *cert. denied,* 479 U.S. 848, 107 S.Ct. 170, 93 L.Ed.2d 108 (1986); *Ex parte Thomas,* 638 S.W.2d at 907.

█ Because there is no authority for a trial court to decide the deadly weapon issue in a jury trial, we conclude that it is an absolute requirement rather than a right which can be affirmatively waived. An absolute requirement or prohibition may not be lawfully avoided, even with partisan consent. *Ex parte Sims,* 868 S.W.2d at 804; *Marin,* 851 S.W.2d at 280. The agreement entered into by the State and Appellant amounted to nothing more than an invalid attempt to confer upon the trial court authority to decide a fact issue when this is a matter that the Legislature has reserved exclusively for the jury's determination. Because Appellant could not consent to the determination and entry of the deadly weapon finding by the trial court, he is not estopped from asserting the entry of the deadly weapon finding as error on appeal.

█ Although we have determined that the trial court lacked authority to make a factual determination on this issue, we may not automatically delete the deadly weapon finding. Instead, we must decide whether the jury, in reaching its verdict, made an express finding that Appellant used a deadly weapon in the commission of the offense so that the entry of the affirmative finding in the judgment is nevertheless proper. Under Article 42.12, the phrase "affirmative finding" means "the trier of fact's *express* determination that a deadly weapon or firearm was actually used or exhibited during the commission of the offense. [Emphasis in original]. *Davis,* 897 S.W.2d at 793, *quoting Polk v. State,* 693 S.W.2d 391, 393 (Tex.Crim.App.

1985). The statute requires an express determination from the fact-finder, thus rejecting any supposed "implied" finding. *Id.* at 793. This express finding may be made by one of three methods.

█ In a jury trial, the trial court is authorized to enter a deadly weapon affirmative finding in only three situations: where the jury has (1) found guilt as alleged in the indictment and the deadly weapon has been specifically plead as such using "deadly weapon" nomenclature in the indictment; (2) found guilt as alleged in the indictment but, though not specifically plead as a deadly weapon, the weapon plead is per se a deadly weapon; or (3) affirmatively answered a special issue on deadly weapon use. *Davis,* 897 S.W.2d at 793; *Polk,* 693 S.W.2d at 396.

█ As stated above, the jury failed to answer the special issue submitted to it by the trial court. This is true despite what is erroneously reflected in the judgment. It makes no difference that the indictment and the application paragraph of the jury charge contained language stating that Appellant shot the victim with a deadly weapon, namely, a firearm, because, in finding Appellant guilty of involuntary manslaughter, the jury's verdict made no reference to a deadly weapon and it did not refer back to the indictment. *Davis,* 897 S.W.2d at 793; *Ex parte Flannery,* 736 S.W.2d 652 (Tex.Crim.App. 1987). Thus, none of the three methods approved in *Polk* for making an express deadly weapon finding have been met. The trial court erred in entering the deadly weapon finding in the judgment. Accordingly, we sustain Point of Error No. One.

Having sustained Point of Error No. One, we order the affirmative finding stricken from the judgment and reform the judgment by deleting the improper finding. The judgment of the trial court, as reformed, is affirmed.