# NO. 12-07-00001-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT LEE MENEFEE III,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Robert Lee Menefee III pleaded guilty in an open plea proceeding to the offense of possession with intent to deliver a controlled substance, namely cocaine. The trial court sentenced him to fifty-six years of imprisonment and a $10,000.00 fine. After concluding that the evidence was sufficient to support Appellant's conviction and that Appellant failed to prove his counsel rendered ineffective assistance, this court affirmed the conviction. *See Menefee v. State*, No. 12-07-00001-CR, 2008 WL 4335170, at *5 (Tex. App.–Tyler Sept. 24, 2008). The court of criminal appeals vacated this court's judgment and remanded the case with instructions for this court to determine whether Appellant waived his article 1.15 sufficiency claim, whether evidence adduced at the sentencing hearing provided evidentiary support for the guilty plea, and, if necessary to our disposition, whether it would be appropriate to conduct a harm analysis. *See Menefee v. State*, 287 S.W.3d 9, 18-19 (Tex. Crim. App. 2009). After due consideration, we conclude that Appellant did not waive his article 1.15 sufficiency claim and that the evidence is sufficient to support his guilty plea and the trial court's judgment. Accordingly, we affirm.

## BACKGROUND

Appellant was charged by indictment for possession with intent to deliver a controlled substance, namely cocaine, in an amount of one gram or more but less than four grams, including adulterants and dilutants.[1] The indictment alleged, in the portion relevant to this appeal, that "on or about the 26th day of January, 2006, . . . ROBERT MENEFEE did then and there possess with intent to deliver, a controlled substance, namely, cocaine, in an amount of one (1) gram or more but less than four (4) grams, including any adulterants and dilutants." The indictment also alleged that the offense occurred within 1,000 feet of a premises owned, rented, or leased by an institution of higher learning, or within a drug free zone,[2] and that prior to the commission of the offense, Appellant was convicted of the felony offense of possession of a controlled substance.[3]

On October 2, 2006, Appellant entered an "open" plea of guilty. Appellant and his counsel signed a stipulation of evidence in which Appellant swore that the stipulation constituted the evidence in the case. According to that document, Appellant stipulated, in part, that he "did then and there with intent to deliver, a controlled substance, namely, cocaine, in an amount of one (1) gram or more but less than four grams, including any adulterants and dilutants."[4] The word "possess" was omitted from the stipulation of evidence. After Appellant was sworn in at the plea hearing, he waived the reading of the indictment. The trial court stated, "Mr. Menefee, in your case the grand jury returned an enhanced first degree felony charge of possession of a controlled substance with intent to deliver," and then recited the applicable range of punishment. The trial court asked Appellant if he understood the range of punishment. Appellant replied, "Yes, sir."

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Supp. 2009). An offense under subsection (a) is a second degree felony if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (Vernon Supp. 2009).

[2] An offense otherwise punishable as a second degree felony under section 481.112 is punishable as a first degree felony if it is shown that the offense was committed in, on, or within 1,000 feet of premises owned, rented, or leased by an institution of higher learning. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(b)(1) (Vernon Supp. 2009).

[3] If it is shown on the trial of a first degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished by imprisonment for life, or for any term of not more than ninety-nine years or less than fifteen years and, in addition, a fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. § 12.42(c)(1) (Vernon Supp. 2009).

[4] Appellant also stipulated that the offense was committed within 1,000 feet of property "owned and rented and leased" by Texas College and that he had previously been convicted of felony possession of a controlled substance.

The trial court then said, "Knowing that that's the range of punishment, the paperwork that's been provided to me that indicates that you've decided to enter an open plea of guilty in relation to that particular charge and leave it to the court to decide what type of punishment should be assessed. Is that correct?" Appellant agreed that it was. The trial court then asked, "As to that charge in the indictment as we've just covered, how do you plead, guilty or not guilty?" Appellant pleaded guilty. The only evidence offered by the State was the "plea packet," which was admitted into evidence and included Appellant's signed and written stipulation of evidence. Appellant pleaded "true" to the prior felony conviction enhancement paragraph. The trial court adjudged Appellant guilty as charged in the indictment.

At the sentencing hearing, the trial court took judicial notice of the court's file and reviewed the presentence investigation report ("PSI"). The trial court assessed Appellant's punishment at fifty-six years of imprisonment and a $10,000.00 fine.

## WAIVER

On initial submission in this court and also in the court of criminal appeals, Appellant contended that the judgment is not supported by "sufficient evidence" as required by article 1.15 of the Texas Code of Criminal Procedure. In its brief in response to Appellant's petition for discretionary review, the State argued for the first time that Appellant failed to properly preserve his article 1.15 sufficiency claim because he did not raise that complaint at trial. Before we can proceed further in this appeal, we must determine whether the State's waiver argument has merit. We begin by reviewing the holding in *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993).

### Categories of Rights Under *Marin*

"The system of adjudication at work in Texas, and generally throughout the United States, is chiefly characterized by an array of rules which are optional with the litigants." *Id*. at 278. Most of the evidentiary and procedural rules comprising our system fall within this category, and the rights available to litigants under these rules are usually forfeited if they fail to exercise them. *Id*. In other words, the Texas law of procedural default applies to this category of rights. *Id*. at 279. The terms "forfeit" and "procedural default" both refer to "the loss of a claim or right for failure to insist upon it by objection, request, motion, or some other behavior calculated to exercise the right in a manner comprehensible to the system's impartial representative, usually the trial

judge." *Id*. But not all issues and complaints are forfeited by a failure to object at trial. *See id*. at 278.

"Some rights are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system." *Id*. The first category of these rights includes absolute requirements and prohibitions that are essentially independent of the litigants' wishes. *Id*. The implementation of these requirements and prohibitions is not optional and therefore cannot be waived or forfeited by the parties. *Id*. The clearest cases of these "nonwaivable, nonforfeitable systemic requirements" are laws affecting the jurisdiction of the courts. *Id*. The second category includes rights, such as the rights to a jury trial and to assistance of counsel, that are waivable only. *Id*. at 278-79. A principle characteristic of these rights is that they cannot be extinguished by inaction alone, but must be expressly waived. *Id*. at 278. The rights in these two categories are not subject to the Texas law of procedural default. *Id*. at 279; *see also Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003). Thus, any party entitled to appeal is authorized to complain that an absolute right or prohibition was violated, or that a waivable-only right was not implemented, without first urging the complaint in the trial court. *Marin*, 851 S.W.2d. at 280.

"All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong." *Id*. Determining which category a right occupies will usually settle the question of procedural default in the context of a particular case. *Id*.

## Article 1.15 Sufficiency Requirement

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence, which is proof beyond a reasonable doubt of every fact necessary to constitute the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 314-16, 99 S. Ct 2781, 2786-87, 61 L. Ed. 2d 560 (1979). But this rule does not apply when a defendant knowingly, intelligently, and voluntarily enters a plea of guilty. *See Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711-12, 23 L. Ed. 2d 274 (1969). Consequently, there is no federal constitutional requirement, either in federal courts or in state courts, that guilt must be established beyond a reasonable doubt in guilty plea cases. *Id*. (federal courts); *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986) (state courts). Nor is there any federal constitutional requirement that evidence of guilt be offered to corroborate a guilty plea. *See*

***Kercheval v. United States***, 274 U.S. 220, 223, 47 S. Ct. 582, 583, 71 L. Ed 1009 (1927) ("Like a verdict of a jury, [a guilty plea] is conclusive. More is not required; the court has nothing to do but give judgment and sentence."). Accordingly, the court of criminal appeals has held that there is no federal constitutional requirement that evidence of guilt must be offered to corroborate a guilty plea in a state criminal prosecution. ***Ex parte Williams***, 703 S.W.2d at 682. The legislature, however, has imposed a different rule in certain guilty plea cases.

As pertinent to the case at hand, when a defendant in Texas pleads guilty before the court in a noncapital felony case, the state must introduce "sufficient evidence" to support the trial court's judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005) ("[I]n no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.") The evidence introduced is "sufficient" if it embraces every essential element of the offense charged. *See* ***Menefee v. State***, 287 S.W.3d at 13. A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error, which does not result in an acquittal. ***Bender v. State***, 758 S.W.2d 278, 280-81 (Tex. Crim. App. 1988).

## Application of *Marin*

The Texas Constitution ensures that the right to trial by jury "shall remain inviolate." TEX. CONST. art. I, § 15. Moreover, the legislature is empowered to pass "such laws as may be needed to regulate [the right of trial by jury], and to maintain its purity and efficiency." ***Id***.

In tracing the history of article 1.15, the court of criminal appeals has observed that, "impelled by experienced abuse and oppression inflicted on them as citizens in earlier governments," the framers of the Constitution of 1836 insisted upon trial "by an impartial jury." *See* ***Thornton v. State***, 601 S.W.2d 340, 345 (Tex. Crim. App. 1979) (op. on reh'g), *overruled on other grounds*, ***Ex parte Martin***, 747 S.W.2d 789 (Tex. Crim. App. 1988). Guilty pleas were permitted, but amounted to nothing more than the acknowledgment of the facts charged; whether the facts charged constituted an offense at law was decided by the court. ***Crow v. State***, 6 Tex. 334, 334 (1851). If the court decided an offense had been committed, the law mandated that a jury assess punishment. ***Thornton***, 601 S.W.2d at 346 (addressing article 26.14 and its predecessors); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.14 (Vernon 2009) ("Where a defendant in a case of felony persists in pleading guilty . . . , if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment . . . , unless the defendant in

accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury."). This requirement was mandatory and meant "that evidence must be introduced before the jury, so that the state and the defendant [might] be protected in their respective rights." *Woodall v. State*, 58 Tex. Crim. 513, 516, 126 S.W. 591, 593 (1910).

It was not until 1931 that the legislature authorized the waiver of a jury trial in a noncapital felony case upon the entry of a guilty plea by the accused. *See Thornton*, 601 S.W.2d at 346. That legislation provided that the trial court was to accept the evidence as the basis for its "verdict" and "*in no event* shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same." *See Bolton v. State*, 123 Tex. Crim. 543, 545, 59 S.W.2d 833, 834 (1933) (op. on reh'g) (emphasis added) (discussing the predecessor to article 1.15). This afforded a defendant "an additional procedural safeguard required by the State of Texas but not by federal constitutional law." *Ex parte Williams*, 703 S.W.2d at 678. "Since there would no longer be a verdict of one's peers before a defendant was sent to prison, the statute required sufficient evidence to support the judgment where he entered a guilty plea before the court to a non-capital felony." *Id*. The current version, article 1.15, contains almost identical language, differing only in that it requires the trial court to accept the evidence to support its "judgment," not its "verdict." *See* TEX. CODE CRIM. PROC. ANN. art. 1.15.

In applying *Marin* against this backdrop, we again note article 1.15's unequivocal declaration that a person shall "in no event" be convicted upon his plea of guilty without sufficient evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15. This language does not indicate that the requirement is optional and or that it is available only if demanded by the defendant. *Compare Patterson v. State*, 204 S.W.3d 852, 858 (Tex. App.–Corpus Christi 2006, pet. ref'd) (sufficient corroboration evidence absolute requirement where statutes provide "defendant may not be convicted" and "conviction cannot be had" upon uncorroborated testimony of accomplice),[5] *and Pickens v. State*, 921 S.W.2d 774, 777 (Tex. App.–El Paso 1996, no pet.) (agreement of parties invalid attempt to confer upon trial court authority to decide deadly weapon issue in a jury trial when legislature had reserved exclusively for jury's determination), *with Ex parte McJunkins*,

---

[5] The court in *Patterson* also stated that the corroboration requirement might be waivable–only because of a third statute requiring that the court *sua sponte* "instruct the jury to render a verdict of acquittal, and they are bound by the instruction." *See Patterson*, 204 S.W.3d at 857 (citing TEX. CODE CRIM. PROC. ANN. art. 38.17). However, the court did not discuss this further because the defendant had not expressly waived the corroboration requirement. *See id*. at 858. No statute exists in this case that raises a similar question.

954 S.W.2d 39, 40-41 (Tex. Crim. App. 1997) (requirement of concurrent sentences applies only if state chooses to join or consolidate charges and accused does not request severance; properly characterized as right of litigant rather than absolute requirement or prohibition that cannot be waived or forfeited).

Further, the history of the statute suggests that the "sufficient evidence" requirement is related to the right to trial by jury and reflects the legislature's intent to provide protection unavailable under the federal rule authorizing convictions on guilty pleas without corroborating evidence. *See Ex parte Williams*, 703 S.W.2d at 678 ("sufficient evidence" required since no verdict of one's peers before defendant sent to prison). And, finally, it seems likely that a defendant would seldom, or perhaps never, have compelling reasons to forego the requirement. S*ee Proctor v. State*, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998) (characterizing statute of limitations as forfeitable, reasoning in part that defendant "may have compelling reasons in his own best interest to forego the statute of limitations defense"); *see also* 43A George E. Dix & Robert O. Dawson, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE § 42.14 (2d ed. 2001) ("It is also more likely to be [an absolute] requirement if it is one that defendants will seldom or never have compelling reasons to forego.");

In our view, the history and the language of article 1.15 are inconsistent with a conclusion that the legislature intended the "sufficient evidence" requirement to be dependent upon the choices of the litigants and therefore forfeitable. Accordingly, we hold that the "sufficient evidence" requirement of article 1.15 is an absolute requirement and can be raised for the first time on appeal. Therefore, Appellant did not waive his article 1.15 sufficiency challenge by failing to raise it in the trial court. We now turn to the merits of his contention.

### SUFFICIENCY OF THE EVIDENCE

In his sole issue on remand, Appellant contends the evidence is insufficient to support his conviction. More specifically, he argues there was no evidence to support his guilty plea and the trial court's judgment.

## Evidence Required to Support Guilty Plea

The state must offer "sufficient evidence" to support any judgment based on a guilty or

nolo contendere plea in a felony case tried to the court. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15. "[I]n no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *Id.* A judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of article 1.15. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1970).

The evidence to support a guilty plea and judgment also may be stipulated if the defendant consents in writing, in open court, to waive the appearance, confrontation, and cross examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. TEX. CODE CRIM. PROC. ANN. art. 1.15. If the defendant elects to stipulate evidence against himself, his stipulation is a kind of judicial admission, a "formal confession [] in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Bryant v. State*, 187 S.W.3d 387, 400 (Tex. Crim. App. 2005) (quoting John W. Strong, et al., MCCORMICK ON EVIDENCE § 255 (5th ed. 1999)).

If a stipulation does not support a defendant's guilty plea, a court must determine if there is other evidence to support the guilty plea and judgment. *Dinnery*, 592 S.W.2d at 352. If a defendant testifies that he has read the indictment and that it is "true and correct" or that the allegations in the indictment are "true and correct," this testimony constitutes a judicial admission of the offense charged and is sufficient to support a guilty plea and judgment. *Id.* at 352-54. To invest the plea itself with the trappings of an oath does not elevate it to the status of evidence. *Morris v. State*, 749 S.W.2d 772, 777 (Tex. Crim. App. 1986) (Clinton, J., dissenting). If a defendant merely swears to the fact that he understands the indictment and is pleading guilty to it, this does not amount to confirmation that its allegations are "true and correct" or that the defendant committed the offense alleged. *Id.*

An appellate court will affirm the trial court's judgment under article 1.15 if the state introduces evidence that embraces every essential element of the offense charged and that is sufficient to establish the defendant's guilt. *Chindaphone v. Sate*, 241 S.W.3d 217, 219 (Tex. App.–Fort Worth 2007, pet. ref'd).

**Proof Required to Show Possession**

To prove possession, the state must show the accused (1) exercised control, management, or care over the contraband and (2) knew the substance possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005). An accused may with another or others jointly possess a controlled substance; thus possession of a controlled substance need not be exclusive. *See McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985). But when the accused is not in exclusive possession of the place the substance is discovered, the state must show additional facts and circumstances linking the accused to the contraband to show the accused's knowledge and control over it. *Poindexter*, 153 S.W.3d at 405-06. Reviewing courts have developed several factors showing a possible link between the accused and contraband. *See Cuong Quoc Ly v. State*, 273 S.W.3d 778, 781-82 (Tex. App.–Houston [14th Dist.] 2008, pet. ref'd). As pertinent to the case at hand, these factors include (1) the accused's presence when the search was conducted, (2) whether the contraband was in plain view, (3) the accused's proximity to and the accessibility of the contraband, (4) whether the accused possessed other contraband or narcotics when arrested, (5) whether the accused made incriminating statements when arrested, (6) whether the accused owned or had the right to possess the place where the contraband was found, (7) whether the contraband was found in an enclosed place, (8) and whether the conduct of the accused indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). The number of linking factors present is not as important as the "logical force" they create to prove the accused knowingly or intentionally possessed the controlled substance. *Id*.

## Sufficiency of the Evidence

In the present case, the stipulation admitted into evidence was insufficient to support the conviction because the word "possession," an essential element of the charged offense, was omitted. However, there is no requirement that all the evidence to support a guilty plea be contained in the stipulation of evidence. *See Dinnery*, 592 S.W.2d at 352.

The State argued on appeal, and in response to Appellant's petition for discretionary review, that during sentencing, the trial court took judicial notice of the PSI. The State contended that the PSI contains evidence to support Appellant's conviction, and specifically the element of possession. Appellant did not object to the PSI or to the trial court's taking judicial notice of it. Moreover, Appellant stipulated to "the introduction of testimony by affidavit, written statements of witnesses, and all other documentary evidence that may be introduced by the State."

Accordingly, we obtained the PSI to determine whether it contained evidence embracing the element of possession.[6]

After reviewing the PSI in light of the law applicable to possession, we conclude that the PSI contains information that "embraces" the element of possession. According to the officer's narrative attached to the offense report included in the PSI, a search warrant was executed on Appellant's one bedroom, one bath residence after two "controlled purchases" of cocaine from Appellant by a confidential informant for the Tyler Police Department. Appellant was present when the search was conducted as were his common law wife and various other individuals.

During the search, the officers discovered two off-white colored rock-like substances they believed to be crack cocaine located in plain view in the bedroom. One of the officers field tested the substances, which showed positive for containing cocaine. The drug analysis from the Texas Department of Public Safety crime lab confirmed that the rocks contained 2.70 grams of cocaine, present as a cocaine base. According to the narrative, the cocaine was accessible to Appellant. Also located in the bedroom was a pair of men's Dickie pants. The right front pants pocket contained three clear plastic bags containing a green leafy substance, which the officer recognized as marijuana with an approximate field weight of five grams.

The individuals present at the residence were questioned separately. Appellant gave answers that the officer characterized as "reluctant and sometimes deceiving." For example, when he was asked about who lived at the residence, Appellant stated that he thought he lived at the residence by himself, but was not sure. He then admitted that the female identified in the narrative as Appellant's common law wife lived at the residence off and on, but said he did not know her name. The female informed that officer that Appellant was her son's father. Appellant informed that officer that, as far as he knew, there was no "dope" in the house and none had been sold out of the house. Unbeknownst to Appellant, however, the interviewing officer possessed information about two "controlled purchases" of crack cocaine from Appellant. Moreover, an individual interviewed at the residence informed an officer that he was at the house to buy a $5.00

---

[6] On original submission in another case, we did not obtain the PSI to determine whether it contained evidence supporting the enhancement paragraph. *See Brewer v. State*, No. 12-01-00369-CR, 2003 WL 21468566, at *5-6 (Tex. App.–Tyler June 25, 2003), *rev'd and remanded*, No. 1270-03 (Tex. Crim. App. May 19, 2004) (Unpublished). On remand, in accordance with the opinion of the court of criminal appeals, we requested the PSI. *See Brewer v. State*, No. 12-01-00369-CR, 2004 WL 1717595, at *1 (Tex. App.–Tyler 2004, no pet.) (mem. op., not designated for publication). As in *Brewer*, the PSI can be considered part of the record in this case even though it was not admitted into evidence. Texas Rule of Appellate Procedure 34.5(c)(1) authorizes us to obtain it.

rock of crack cocaine from Appellant. He stated that the transaction had not been completed and that he was waiting outside until Appellant became available.

The officers located documents inside the house showing that Appellant had applied for service from the City of Tyler Water Department and had the water turned on at the residence. This is some indication that Appellant was in control of the premises.

In sum, the evidence discussed above relates to the "possession" element of the charged offense. *See Chindaphone*, 241 S.W.3d at 219. Further, the evidence is sufficient to establish that Appellant possessed the cocaine as charged. *See id*. There is other evidence to suggest that Appellant and his common law wife jointly possessed the cocaine. But possession of a controlled substance need not be exclusive. *See McGoldrick*, 682 S.W.2d at 578. Consequently, we hold that the State met its burden under article 1.15 to introduce "sufficient evidence" of Appellant's possession of cocaine as charged in the indictment. Appellant's sole issue is overruled.

**DISPOSITION**

Having sustained Appellant's first issue, we ***affirm*** the judgment of the trial court. Because it is not necessary to our disposition, we do not reach whether the issue of harm. *See* TEX. R. APP. P. 47.1.

**SAM GRIFFITH**
Justice

Opinion delivered August 18, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)
