NO. 12-07-00001-CR

 

                         IN
THE COURT OF APPEALS 

 

            TWELFTH COURT OF APPEALS DISTRICT

 

                                      TYLER,
TEXAS

ROBERT LEE MENEFEE III,                        '                 APPEAL
FROM THE 7TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        '                 SMITH
COUNTY, TEXAS

                                                                                                                                                          


                                                      MEMORANDUM
OPINION

Appellant Robert Lee Menefee III pleaded
guilty in an open plea proceeding to the offense of possession with intent to
deliver a controlled substance, namely cocaine.  The trial court sentenced him
to fifty-six years of imprisonment and a $10,000.00 fine.  After concluding
that the evidence was sufficient to support Appellant’s conviction and that
Appellant failed to prove his counsel rendered ineffective assistance, this
court affirmed the conviction.  See Menefee v. State, No.
12-07-00001-CR, 2008 WL 4335170, at *5 (Tex. App.–Tyler Sept. 24, 2008).  The
court of criminal appeals vacated this court’s judgment and remanded the case
with instructions for this court to determine whether Appellant waived his
article 1.15 sufficiency claim, whether evidence adduced at the sentencing
hearing provided evidentiary support for the guilty plea, and, if necessary to
our disposition, whether it would be appropriate to conduct a harm analysis.  See
Menefee v. State, 287 S.W.3d 9, 18-19 (Tex. Crim. App. 2009).  After
due consideration, we conclude that Appellant did not waive his article 1.15
sufficiency claim and that the evidence is sufficient to support his guilty
plea and the trial court’s judgment.  Accordingly, we affirm.

 

 

Background

Appellant was charged by indictment for
possession with intent to deliver a controlled substance, namely cocaine, in an
amount of one gram or more but less than four grams, including adulterants and
dilutants.[1]
The indictment alleged, in the portion relevant to this appeal, that Aon or about the 26th day of
January, 2006, . . . ROBERT MENEFEE did then and there possess with intent to
deliver, a controlled substance, namely, cocaine, in an amount of one (1) gram
or more but less than four (4) grams, including any adulterants and dilutants.@ The indictment also alleged
that the offense occurred within 1,000 feet of a premises owned, rented, or
leased by an institution of higher learning, or within a drug free zone,[2] and
that prior to the commission of the offense, Appellant was convicted of the
felony offense of possession of a controlled substance.[3] 

On October 2, 2006, Appellant entered an
“open” plea of guilty.  Appellant and his counsel signed a stipulation of evidence
in which Appellant swore that the stipulation constituted the evidence in the case.
 According to that document, Appellant stipulated, in part, that he “did then
and there with intent to deliver, a controlled substance, namely, cocaine, in
an amount of one (1) gram or more but less than four grams, including any
adulterants and dilutants.@[4]  The
word Apossess@ was omitted from the
stipulation of evidence. After Appellant was sworn in at the plea hearing, he
waived the reading of the indictment.  The trial court stated, AMr. Menefee, in your case
the grand jury returned an enhanced first degree felony charge of possession of
a controlled substance with intent to deliver,@
and then recited the applicable range of punishment.  The trial court asked Appellant
if he understood the range of punishment.  Appellant replied, “Yes, sir.”  The trial
court then said, AKnowing
that that=s the range
of punishment, the paperwork that=s
been provided to me that indicates that you=ve
decided to enter an open plea of guilty in relation to that particular charge
and leave it to the court to decide what type of punishment should be assessed.
 Is that correct?@
Appellant agreed that it was.  The trial court then asked, AAs to that charge in the
indictment as we=ve
just covered, how do you plead, guilty or not guilty?@  Appellant pleaded guilty.  The only evidence
offered by the State was the “plea packet,” which was admitted into evidence
and included Appellant’s signed and written stipulation of evidence.  Appellant
pleaded “true” to the prior felony conviction enhancement paragraph.  The trial
court adjudged Appellant guilty as charged in the indictment.

At the sentencing hearing, the trial court
took judicial notice of the court=s
file and reviewed the presentence investigation report (“PSI”).  The trial
court assessed Appellant’s punishment at fifty-six years of imprisonment and a
$10,000.00 fine. 

 

Waiver

On initial submission in this court and also
in the court of criminal appeals, Appellant contended that the judgment is not
supported by “sufficient evidence” as required by article 1.15 of the Texas
Code of Criminal Procedure.  In its brief in response to Appellant’s petition
for discretionary review, the State argued for the first time that Appellant
failed to properly preserve his article 1.15 sufficiency claim because he did
not raise that complaint at trial.  Before we can proceed further in this appeal,
we must determine whether the State’s waiver argument has merit.  We begin by
reviewing the holding in Marin v. State, 851 S.W.2d 275 (Tex.
Crim. App. 1993).

Categories of Rights Under Marin

“The system of adjudication at work in
Texas, and generally throughout the United States, is chiefly characterized by
an array of rules which are optional with the litigants.”  Id. at
278.  Most of the evidentiary and procedural rules comprising our system fall
within this category, and the rights available to litigants under these rules are
usually forfeited if they fail to exercise them.  Id.  In other
words, the Texas law of procedural default applies to this category of rights. Id.
at 279.  The terms “forfeit” and “procedural default” both refer to “the loss
of a claim or right for failure to insist upon it by objection, request,
motion, or some other behavior calculated to exercise the right in a manner
comprehensible to the system’s impartial representative, usually the trial
judge.”  Id.  But not all issues and complaints are forfeited by a
failure to object at trial.  See id. at 278.

“Some rights are widely considered so
fundamental to the proper functioning of our adjudicatory process as to enjoy
special protection in the system.”  Id.  The first
category of these rights includes absolute requirements and prohibitions that are
essentially independent of the litigants’ wishes.  Id.  The
implementation of these requirements and prohibitions is not optional and
therefore cannot be waived or forfeited by the parties.  Id.  The
clearest cases of these “nonwaivable, nonforfeitable systemic requirements” are
laws affecting the jurisdiction of the courts.  Id.  The second
category includes rights, such as the rights to a jury trial and to assistance
of counsel, that are waivable only.  Id. at 278-79.  A principle
characteristic of these rights is that they cannot be extinguished by inaction
alone, but must be expressly waived.  Id. at 278.  The rights in
these two categories are not subject to the Texas law of procedural default.  Id.
at 279; see also Aldrich v. State, 104 S.W.3d 890, 895 (Tex.
Crim. App. 2003).  Thus, any party entitled to appeal is
authorized to complain that an absolute right or prohibition was violated, or
that a waivable-only right was not implemented, without first urging the complaint
in the trial court.  Marin, 851 S.W.2d. at 280.  

“All but the most fundamental rights are
thought to be forfeited if not insisted upon by the party to whom they
belong.”  Id.  Determining which category a right occupies will
usually settle the question of procedural default in the context of a
particular case.  Id.        

Article 1.15 Sufficiency Requirement

The due process guarantee of the Fourteenth
Amendment requires that a conviction be supported by legally sufficient
evidence, which is proof beyond a reasonable doubt of every fact necessary to
constitute the crime charged.  Jackson v. Virginia, 443 U.S. 307,
314-16, 99 S. Ct 2781, 2786-87, 61 L. Ed. 2d 560 (1979).  But this rule does
not apply when a defendant knowingly, intelligently, and voluntarily enters a
plea of guilty.  See Boykin v. Alabama, 395 U.S. 238, 242,
89 S. Ct. 1709, 1711-12, 23 L. Ed. 2d 274 (1969).  Consequently, there is no
federal constitutional requirement, either in federal courts or in state
courts, that guilt must be established beyond a reasonable doubt in guilty plea
cases.  Id. (federal courts); Ex parte Williams,
703 S.W.2d 674, 682 (Tex. Crim. App. 1986) (state courts).  Nor
is there any federal constitutional requirement that evidence of guilt be
offered to corroborate a guilty plea. See Kercheval v. United
States, 274 U.S. 220, 223, 47 S. Ct. 582, 583, 71 L. Ed 1009 (1927)
(“Like a verdict of a jury, [a guilty plea] is conclusive.  More is not
required; the court has nothing to do but give judgment and sentence.”). 
Accordingly, the court of criminal appeals has held that there is no federal
constitutional requirement that evidence of guilt must be offered to
corroborate a guilty plea in a state criminal prosecution.  Ex parte
Williams, 703 S.W.2d at 682.  The legislature, however, has imposed a different
rule in certain guilty plea cases.

As pertinent to the case at hand, when a
defendant in Texas pleads guilty before the court in a noncapital felony case,
the state must introduce “sufficient evidence” to support the trial court’s
judgment.  See Tex. Code Crim.
Proc. Ann. art. 1.15
(Vernon 2005) (“[I]n no event shall a person charged be convicted upon his plea
without sufficient evidence to support the same.”)   The evidence
introduced is “sufficient” if it embraces every essential element of the
offense charged.  See Menefee v. State, 287 S.W.3d at 13.  A
conviction rendered without sufficient evidence to support a guilty plea
constitutes trial error, which does not result in an acquittal.  Bender
v. State, 758 S.W.2d 278, 280-81 (Tex. Crim. App. 1988).

Application of Marin

The Texas Constitution ensures that the
right to trial by jury “shall remain inviolate.”  Tex. Const. art. I, § 15.  Moreover, the legislature is
empowered to pass “such laws as may be needed to regulate [the right of trial
by jury], and to maintain its purity and efficiency.”  Id.  

            In tracing the history of article 1.15, the court
of criminal appeals has observed that, “impelled by experienced abuse and
oppression inflicted on them as citizens in earlier governments,” the framers
of the Constitution of 1836 insisted upon trial “by an impartial jury.”  See
Thornton v. State, 601 S.W.2d 340, 345 (Tex. Crim. App. 1979) (op.
on reh’g), overruled on other grounds, Ex parte Martin,
747 S.W.2d 789 (Tex. Crim. App. 1988).  Guilty pleas were
permitted, but amounted to nothing more than the acknowledgment of the facts
charged; whether the facts charged constituted an offense at law was decided by
the court.  Crow v. State, 6 Tex. 334, 334 (1851).  If the court
decided an offense had been committed, the law mandated that a jury assess
punishment.  Thornton, 601 S.W.2d at 346 (addressing article
26.14 and its predecessors); see also Tex.
Code Crim. Proc. Ann. art. 26.14 (Vernon 2009) (“Where a defendant in a
case of felony persists in pleading guilty . . . , if the punishment is not
absolutely fixed by law, a jury shall be impaneled to assess the punishment . .
. , unless the defendant in accordance with Articles 1.13 or 37.07 shall have
waived his right to trial by jury.”).  This requirement was mandatory and meant
“that evidence must be introduced before the jury, so that the state and the
defendant [might] be protected in their respective rights.”  Woodall v.
State, 58 Tex. Crim. 513, 516, 126 S.W. 591, 593 (1910).

It was not until 1931 that the legislature
authorized the waiver of a jury trial in a noncapital felony case upon the
entry of a guilty plea by the accused.  See Thornton, 601
S.W.2d at 346. That legislation provided that the trial court was to accept the
evidence as the basis for its “verdict” and “in no event shall a
person charged be convicted upon his plea of guilty without sufficient evidence
to support the same.”  See Bolton v. State, 123 Tex. Crim. 543,
545, 59 S.W.2d 833, 834 (1933) (op. on reh’g) (emphasis added) (discussing the
predecessor to article 1.15).  This afforded a defendant “an additional
procedural safeguard required by the State of Texas but not by federal
constitutional law.”  Ex parte Williams, 703 S.W.2d at 678. 
“Since there would no longer be a verdict of one’s peers before a defendant was
sent to prison, the statute required sufficient evidence to support the
judgment where he entered a guilty plea before the court to a non-capital
felony.”  Id.  The current version, article 1.15, contains almost
identical language, differing only in that it requires the trial court to accept
the evidence to support its “judgment,” not its “verdict.”  See Tex. Code Crim. Proc. Ann.  art. 1.15.  

In applying Marin against this
backdrop, we again note article 1.15’s unequivocal declaration that a person
shall “in no event” be convicted upon his plea of guilty without sufficient
evidence.  See Tex. Code Crim.
Proc. Ann. art. 1.15. This language does not indicate that the
requirement is optional and or that it is available only if demanded by the
defendant.  Compare Patterson v. State, 204 S.W.3d 852, 858 (Tex.
App.–Corpus Christi 2006, pet. ref’d) (sufficient corroboration evidence
absolute requirement where statutes provide “defendant may not be convicted”
and “conviction cannot be had” upon uncorroborated testimony of accomplice),[5] and
Pickens v. State, 921 S.W.2d 774, 777 (Tex. App.–El Paso 1996, no
pet.) (agreement of parties invalid attempt to confer upon trial court
authority to decide deadly weapon issue in a jury trial when legislature had
reserved exclusively for jury’s determination), with Ex parte
McJunkins, 954 S.W.2d 39, 40-41 (Tex. Crim. App. 1997) (requirement of
concurrent sentences applies only if state chooses to join or consolidate
charges and accused does not request severance; properly characterized as right
of litigant rather than absolute requirement or prohibition that cannot be waived
or forfeited).  

Further, the history of the statute suggests
that the “sufficient evidence” requirement is related to the right to trial by
jury and reflects the legislature’s intent to provide protection unavailable
under the federal rule authorizing convictions on guilty pleas without
corroborating evidence.  See Ex parte Williams, 703 S.W.2d at 678
(“sufficient evidence” required since no verdict of one’s peers before
defendant sent to prison).  And, finally, it seems likely that a defendant would
seldom, or perhaps never, have compelling reasons to forego the requirement. See
Proctor v. State, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998) (characterizing
statute of limitations as forfeitable, reasoning in part that defendant “may
have compelling reasons in his own best interest to forego the statute of
limitations defense”); see also 43A George E. Dix & Robert O.
Dawson, Texas Practice: Criminal
Practice & Procedure § 42.14 (2d ed. 2001) (“It is also more likely
to be [an absolute] requirement if it is one that defendants will seldom or
never have compelling reasons to forego.”);

In our view, the history and the language of
article 1.15 are inconsistent with a conclusion that the legislature intended
the “sufficient evidence” requirement to be dependent upon the choices of the
litigants and therefore forfeitable.  Accordingly, we hold that the “sufficient
evidence” requirement of article 1.15 is an absolute requirement and can be
raised for the first time on appeal.  Therefore, Appellant did not waive his
article 1.15 sufficiency challenge by failing to raise it in the trial court. 
We now turn to the merits of his contention.

 

Sufficiency of
the Evidence

In his sole issue on remand, Appellant
contends the evidence is insufficient to support his conviction. More
specifically, he argues there was no evidence to support his guilty plea and
the trial court’s judgment.

 

Evidence Required to Support Guilty Plea

            The state must offer “sufficient evidence” to
support any judgment based on a guilty or nolo contendere plea in a felony case
tried to the court.  See Tex.
Code Crim. Proc. Ann. art. 1.15.  A[I]n
no event shall a person charged be convicted upon his plea without sufficient
evidence to support the same.@
 Id.  A judicial confession, standing alone, is sufficient
to sustain a conviction upon a guilty plea and to satisfy the requirements of
article 1.15.  Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim.
App. 1970).  

            The evidence to support a guilty plea and judgment
also may be stipulated if the defendant consents in writing, in open court, to
waive the appearance, confrontation, and cross examination of witnesses, and
further consents either to an oral stipulation of the evidence and testimony or
to the introduction of testimony by affidavits, written statements of
witnesses, and any other documentary evidence in support of the judgment of the
court.  Tex. Code Crim. Proc. Ann. art.
1.15.  If the defendant elects to stipulate evidence against himself, his
stipulation is a kind of judicial admission, a Aformal
confession [] in the pleadings in the case or stipulations by a party or
counsel that have the effect of withdrawing a fact from issue and dispensing
wholly with the need for proof of the fact.@ 
Bryant v. State, 187 S.W.3d 387, 400 (Tex. Crim. App. 2005) (quoting
John W. Strong, et al., McCormick on
Evidence § 255 (5th ed. 1999)).  

If a stipulation does not support a
defendant’s guilty plea, a court must determine if there is other evidence to
support the guilty plea and judgment.  Dinnery, 592 S.W.2d at
352.  If a defendant testifies that he has read the indictment and that it is “true
and correct” or that the allegations in the indictment are “true and correct,”
this testimony constitutes a judicial admission of the offense charged and is
sufficient to support a guilty plea and judgment.  Id. at 352-54.
 To invest the plea itself with the trappings of an oath does not elevate it to
the status of evidence.  Morris v. State, 749 S.W.2d 772, 777
(Tex. Crim. App. 1986) (Clinton, J., dissenting).  If a defendant merely swears
to the fact that he understands the indictment and is pleading guilty to it,
this does not amount to confirmation that its allegations are “true and
correct” or that the defendant committed the offense alleged.  Id.


            An appellate court will affirm the trial court’s
judgment under article 1.15 if the state introduces evidence that embraces
every essential element of the offense charged and that is sufficient to
establish the defendant’s guilt. Chindaphone v. Sate, 241 S.W.3d
217, 219 (Tex. App.–Fort Worth 2007, pet. ref’d). 

Proof Required to Show Possession

            To prove possession, the state must show the
accused (1) exercised control, management, or care over the contraband and (2)
knew the substance possessed was contraband.  Poindexter v. State,
153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005).  An accused may with another or
others jointly possess a controlled substance; thus possession of a controlled
substance need not be exclusive.  See McGoldrick v. State, 682
S.W.2d 573, 578 (Tex. Crim. App. 1985).  But when the accused is not in
exclusive possession of the place the substance is discovered, the state must
show additional facts and circumstances linking the accused to the contraband
to show the accused’s knowledge and control over it.  Poindexter,
153 S.W.3d at 405-06.  Reviewing courts have developed several factors showing
a possible link between the accused and contraband.   See Cuong Quoc Ly
v. State, 273 S.W.3d 778, 781-82 (Tex. App.–Houston [14th Dist.] 2008,
pet. ref’d).  As pertinent to the case at hand, these factors include (1) the
accused’s presence when the search was conducted, (2) whether the contraband
was in plain view, (3) the accused’s proximity to and the accessibility of the
contraband, (4) whether the accused possessed other contraband or narcotics
when arrested, (5) whether the accused made incriminating statements when
arrested, (6) whether the accused owned or had the right to possess the place
where the contraband was found, (7) whether the contraband was found in an
enclosed place, (8) and whether the conduct of the accused indicated a
consciousness of guilt.  Evans v. State, 202 S.W.3d 158, 162 n.12
(Tex. Crim. App. 2006).  The number of linking factors present is
not as important as the “logical force” they create to prove the accused
knowingly or intentionally possessed the controlled substance.  Id.

Sufficiency of the Evidence

            In the present case, the stipulation admitted
into evidence was insufficient to support the conviction because the word
“possession,” an essential element of the charged offense, was omitted. 
However, there is no requirement that all the evidence to support a guilty plea
be contained in the stipulation of evidence.  See Dinnery, 592
S.W.2d at 352.  

The State argued on appeal, and in response
to Appellant’s petition for discretionary review, that during sentencing, the
trial court took judicial notice of the PSI.  The State contended that the PSI
contains evidence to support Appellant’s conviction, and specifically the
element of possession.  Appellant did not object to the PSI or to the trial
court’s taking judicial notice of it.  Moreover, Appellant stipulated to “the
introduction of testimony by affidavit, written statements of witnesses, and
all other documentary evidence that may be introduced by the State.” Accordingly,
we obtained the PSI to determine whether it contained evidence embracing the
element of possession.[6]

            After reviewing the PSI in light of the law
applicable to possession, we conclude that the PSI contains information that
“embraces” the element of possession.  According to the officer’s narrative
attached to the offense report included in the PSI, a search warrant was
executed on Appellant’s one bedroom, one bath residence after two “controlled
purchases” of cocaine from Appellant by a confidential informant for the Tyler
Police Department.  Appellant was present when the search was conducted as were
his common law wife and various other individuals.  

            During the search, the officers discovered two
off-white colored rock-like substances they believed to be crack cocaine
located in plain view in the bedroom.  One of the officers field tested the
substances, which showed positive for containing cocaine.  The drug analysis
from the Texas Department of Public Safety crime lab confirmed that the rocks
contained 2.70 grams of cocaine, present as a cocaine base.  According to the
narrative, the cocaine was accessible to Appellant.  Also located in the
bedroom was a pair of men’s Dickie pants. The right front pants pocket
contained three clear plastic bags containing a green leafy substance, which
the officer recognized as marijuana with an approximate field weight of five
grams.  

            The individuals present at the residence were
questioned separately.  Appellant gave answers that the officer characterized
as “reluctant and sometimes deceiving.”  For example, when he was asked about
who lived at the residence, Appellant stated that he thought he lived at the
residence by himself, but was not sure.  He then admitted that the female
identified in the narrative as Appellant’s common law wife lived at the
residence off and on, but said he did not know her name.  The female informed
that officer that Appellant was her son’s father.  Appellant informed that
officer that, as far as he knew, there was no “dope” in the house and none had
been sold out of the house.  Unbeknownst to Appellant, however, the
interviewing officer possessed information about two “controlled purchases” of
crack cocaine from Appellant.  Moreover, an individual interviewed at the
residence informed an officer that he was at the house to buy a $5.00 rock of
crack cocaine from Appellant.  He stated that the transaction had not been
completed and that he was waiting outside until Appellant became available.  

            The officers located documents inside the house
showing that Appellant had applied for service from the City of Tyler Water
Department and had the water turned on at the residence.  This is some
indication that Appellant was in control of the premises.  

            In sum, the evidence discussed above relates to
the “possession” element of the charged offense.  See Chindaphone,
241 S.W.3d at 219.  Further, the evidence is sufficient to establish that
Appellant possessed the cocaine as charged.  See id.  There is
other evidence to suggest that Appellant and his common law wife jointly
possessed the cocaine. But possession of a controlled substance need not be
exclusive.   See McGoldrick, 682 S.W.2d at 578.  Consequently,
we hold that the State met its burden under article 1.15 to introduce
“sufficient evidence” of Appellant’s possession of cocaine as charged in the
indictment.  Appellant’s sole issue is overruled.

 

 

Disposition

            Having sustained Appellant’s first issue, we affirm
the judgment of the trial court.  Because it is not necessary to our
disposition, we do not reach whether the issue of harm.  See Tex. R. App. P. 47.1.

 

 

    SAM GRIFFITH   

         Justice

 

Opinion
delivered August 18, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Health & Safety Code Ann. § 481.112(a) (Vernon Supp. 2009). An offense under
subsection (a) is a second degree felony if the amount of the controlled
substance to which the offense applies is, by aggregate weight, including
adulterants or dilutants, one gram or more but less than four grams.  See Tex. Health & Safety Code Ann. §
481.112(c) (Vernon Supp. 2009).

 





[2] An
offense otherwise punishable as a second degree felony under section 481.112 is
punishable as a first degree felony if it is shown that the offense was
committed in, on, or within 1,000 feet of premises owned, rented, or leased by
an institution of higher learning.  See Tex. Health & Safety Code Ann. § 481.134(b)(1) (Vernon
Supp. 2009).

 





[3] If it is
shown on the trial of a first degree felony that the defendant has been once
before convicted of a felony, on conviction he shall be punished by
imprisonment for life, or for any term of not more than ninety-nine years or
less than fifteen years and, in addition, a fine not to exceed $10,000.00.  See
Tex. Penal Code Ann. §
12.42(c)(1) (Vernon Supp. 2009).

 





                [4]  Appellant
also stipulated that the offense was committed within 1,000 feet of property
“owned and rented and leased” by Texas College and that he had previously been
convicted of felony possession of a controlled substance.





                [5]  The
court in Patterson also stated that the corroboration requirement
might be waivable–only because of a third statute requiring that the court sua
sponte “instruct the jury to render a verdict of acquittal, and they are
bound by the instruction.”  See Patterson, 204 S.W.3d at 857
(citing Tex. Code Crim. Proc. ann. art.
38.17).  However, the court did not discuss this further because the defendant
had not expressly waived the corroboration requirement.  See id.
at 858.  No statute exists in this case that raises a similar question.  





                [6] On original
submission in another case, we did not obtain the PSI to determine whether it
contained evidence supporting the enhancement paragraph.  See Brewer v.
State, No. 12-01-00369-CR, 2003 WL 21468566, at *5-6 (Tex. App.–Tyler
June 25, 2003), rev’d and remanded, No. 1270-03 (Tex. Crim. App. May 19,
2004) (Unpublished).  On remand, in accordance with the opinion of the
court of criminal appeals, we requested the PSI.  See Brewer v. State,
No. 12-01-00369-CR, 2004 WL 1717595, at *1 (Tex. App.–Tyler 2004, no pet.)
(mem. op., not designated for publication).  As in Brewer, the
PSI can be considered part of the record in this case even though it was not
admitted into evidence.  Texas Rule of Appellate Procedure 34.5(c)(1)
authorizes us to obtain it.